T.C. Memo. 2000-162


UNITED STATES TAX COURT


ANGELO F. DEJOY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10893-98.                    Filed May 18, 2000.


Angelo F. DeJoy, pro se.

<u>Thomas J. Kerrigan</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes, additions to tax, and accuracy-related penalties as follows:

|  |  | Additions To Tax | | Accuracy-Related Penalty |
|  |  | | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| 1989 | $36,815 | $9,204 | $2,492 | $7,363 |
| 1990 | 21,990 | 5,498 | 1,447 | 4,398 |
| 1991 | 15,062 | 3,766 | 867 | 3,012 |
| 1992 | 22,471 | 5,618 | 979 | 4,494 |
| 1993 | 26,804 | 5,361 | 1,122 | 5,361 |

After settlement of a number of issues, the issues for decision involve a claimed capital loss for 1990 of $8,275, a claimed capital loss for 1991 of $47,391, and the late filing additions to tax under section 6651(a)(1) for each of the years shown in the schedule above.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Melville, New York.  From 1987 to 1989, petitioner was the sole shareholder of three S corporations, namely, Papa Angelos Home and Car Audio Inc. of Coram, Inc. (Car Audio), Papa Angelos Discount Car Stereo, Inc. (Car Stereo), and Mobile Audio Distributors, Inc. (Audio Distributors).

In 1987 and 1988, a downturn in the economy occurred and affected the automobile accessory parts industry in which

petitioner's corporations were engaged.  Car Audio apparently operated until 1988 when it ceased operations.  Car Stereo apparently went into involuntary bankruptcy in 1989, and apparently by 1989, Audio Distributors had gone out of business.

In August of 1990, petitioner sold a parcel of real estate that he owned personally located in Bayshore, New York, and petitioner used $8,275 of the sales proceeds to pay to the State of New York an outstanding sales tax liability of Car Stereo. The State of New York had previously obtained a judgment against petitioner personally with regard to the outstanding sales tax liability of Car Stereo and had filed a judgment lien against the above real property.  Upon petitioner's payment of the $8,275 to New York State, the lien on the property was released, and petitioner's personal liability to the State with respect to the outstanding New York State sales tax liability of Car Stereo was paid off.

In early 1991, petitioner paid the State of New York a total of $23,730 in outstanding sales tax liabilities of Car Stereo and of Car Audio.

Also in 1991, petitioner paid the United States a total of approximately $23,662 in section 6672 responsible officer penalties that had been assessed by respondent against petitioner relating to unpaid trust fund Federal employment taxes owed by petitioner's S corporations.

For 1988 and subsequent years, the record contains little reliable evidence as to petitioner's tax bases in, and the value of, petitioner's stock of each of the S corporations.

As of the end of 1987, petitioner apparently had received from Car Stereo and/or the other S corporations $148,574 in the form of a corporate loan. The evidence is unclear as to whether and, if so, to what extent petitioner ever repaid this purported loan.

In the late 1980's or early 1990's, the accountant who maintained petitioner's books and records and who was to prepare Federal income tax returns for petitioner personally and for petitioner's S corporations closed his accounting practice and disappeared. Many of the financial records relating to petitioner's individual Federal income tax liabilities and relating to petitioner's S corporations were never recovered from the accountant. Also, during these years, petitioner experienced significant personal and family problems that interfered with petitioner's ability to timely file his Federal income tax returns.

Petitioner untimely filed his individual Federal income tax returns for 1989 through 1993.

On his 1990 individual Federal income tax return, petitioner did not reflect the $8,275 that he paid to the State of New York relating to the outstanding sales tax liability of Car Stereo.

Petitioner now claims that this $8,275 should be allowed to him as an additional capital loss for 1990.

On his 1991 individual Federal income tax return, petitioner did not reflect the $47,391 that he paid to New York State and to the United States relating to the sales and employment tax liabilities of his S corporations. Petitioner now claims that this $47,391 should be allowed to him as an additional capital loss for 1991.

The parties now agree that the payments of $8,275 in 1990 and the total of $47,391 in 1991 that petitioner made regarding the delinquent sales and employment tax liabilities of his S corporations represent additional capital contributions to petitioner's S corporations and an increase in petitioner's bases in his stock of the S corporations. Respondent, however, disallows the claimed capital losses relating thereto on the grounds that petitioner has established neither his bases in nor the worthlessness of his stock in the S corporations. Respondent also has imposed the additions to tax under sections 6651(a)(1), 6654, and 6662(a) with respect to which petitioner contests only the additions to tax under section 6651(a)(1) for late filing his tax returns.

OPINION

Payments made by shareholders on behalf of corporations generally increase the shareholders' stock bases in the

corporations. See sec. 1012. Distributions by S corporations without accumulated earnings and profits, on the other hand, decrease the shareholders' bases in their stock in the corporations. See sec. 1367(a)(2)(A).

Under section 165, taxpayers may take deductions for losses sustained in sales or exchanges of capital assets and for worthless securities. See sec. 165(a), (f), and (g). Such losses and deductions are limited, however, to the extent prescribed by the Code. Taxpayers other than corporations may offset capital gains by capital losses. See sec. 1211(b). Capital losses in a given year are limited by the amount of the capital gains plus $3,000. See id. In addition, taxpayers are allowed flow-through losses and deductions in connection with S corporations only to the extent of their adjusted bases in the S corporations. Individual taxpayers may carry over excess capital losses to subsequent years. See sec. 1212(b).

In this case, the evidence does not adequately establish petitioner's tax bases in, or the worthlessness of, petitioner's stock in the S corporations to entitle petitioner to the losses claimed. Although the payments petitioner made on behalf of his S corporations would increase petitioner's bases in the stock of the S corporations, petitioner has not adequately established his bases in the stock. For example, petitioner has not established whether the $148,574 purported corporate loan to petitioner was

ever repaid and whether or not that loan should be treated in substance as a corporate distribution that would have reduced petitioner's stock bases to zero.

Further, aside from his bases in the stock of the S corporations, petitioner has not established the worthlessness of such stock. The mere fact that petitioner's S corporations had ceased operating and owed outstanding sales and employment tax liabilities does not necessarily establish the worthlessness of the related corporate stock. We conclude that petitioner is not entitled to the claimed capital losses for 1990 and 1991.

With regard to the section 6651 late filing additions to tax, we find petitioner's testimony credible and persuasive. Under the facts of this case, the disappearance of the accounting firm with many of petitioner's and the S corporations' business and financial records and petitioner's significant personal and family problems constitute reasonable cause for the untimely filing of petitioner's Federal income tax returns for the years in issue. We do not sustain respondent's imposition of the section 6651 late filing addition to tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.